```
┌─────────────────────────────────────────────────────────┐
│            NOT FOR PUBLICATION WITHOUT THE                │
│          APPROVAL OF THE APPELLATE DIVISION               │
│ This opinion shall not "constitute precedent or be binding upon any court." │
│  Although it is posted on the internet, this opinion is binding only on the │
│    parties in the case and its use in other cases is limited. R.1:36-3.     │
└─────────────────────────────────────────────────────────┘
```

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0384-15T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

OMAR BARRETT,

    Defendant-Appellant.

_____

Submitted May 8, 2017 — Decided  May 23, 2017

Before Judges Sabatino and Haas.

On appeal from Superior Court of New Jersey, Law Division, Union County, Indictment No. 12-06-0459.

Joseph E. Krakora, Public Defender, attorney for appellant (Charles P. Savoth, III, Designated Counsel, on the brief).

Grace H. Park, Acting Union County Prosecutor, attorney for respondent (Meredith L. Balo, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

    Defendant Omar Barrett appeals the trial court's denial of his post-conviction relief ("PCR") petition, having pled guilty

to first-degree carjacking and been sentenced for that crime. We affirm.

Defendant was charged in June 2012 with first-degree carjacking, N.J.S.A. 2C:15-2, third-degree resisting arrest, N.J.S.A. 2C:29-2(a), and various weapons offenses. The State's proofs showed that on October 4, 2011, a family of four was in a BMW parked in front of a residence in Elizabeth. The wife, who had been in the BMW, got out to remove something from the car's trunk. As she did so, defendant and his co-defendant, both wearing masks, pulled up alongside the BMW in an Audi. The co-defendant ordered the husband out of the vehicle at gunpoint, at which point a struggle ensued. Meanwhile, the two children in the back seat of the BMW managed to get out of the car. The co-defendant got in the driver's seat, and after being joined by defendant in the passenger seat, drove away in the BMW.[1]

The victims immediately reported the car theft, and a lengthy police chase then took place across three towns. The chase ended after the BMW collided head-on with a police car. Defendant and his co-defendant resisted arrest, but were ultimately subdued. The police found a gun, the wife's purse, and two masks inside of

---

[1] The record is vague concerning what exactly happened to the Audi, although it was apparently driven by someone else and was later involved in the police chase.

the BMW. The husband and wife were able to positively identify the co-defendant at the hospital, where defendant and the co-defendant had been taken after the crash. One of the children positively identified defendant there.

After defendant and the co-defendant were indicted, plea negotiations ensued. Among other things, defendant agreed to plead guilty to carjacking, with the State agreeing to dismiss the remaining counts against him. The State agreed to recommend a custodial sentence of ten years, subject to an 85% parole ineligibility period under the No Early Release Act ("NERA"), N.J.S.A. 2C:43-7.2. Defendant pled guilty to carjacking, in accordance with that agreement.

The trial court sentenced defendant, consistent with the plea agreement, to a ten-year period of incarceration, subject to NERA. Defendant thereafter filed his PCR petition. At the PCR hearing, defendant argued that, under State v. Henderson, 208 N.J. 208 (2011), the "show-up" identification of defendant made by the child who had seen defendant when the BMW was stolen was unreliable. Defendant further argued that his trial counsel erred by not filing a motion to suppress or pursuing a Wade[2] hearing before defendant agreed to plead guilty.

_____

[2] United States v. Wade, 388 U.S. 218, 87 S. Ct. 1926, 18 L. Ed. 2d 1149 (1967).

A-0384-15T1

On March 16, 2015, the trial court issued a written opinion denying defendant's petition. The trial court found that defendant did not establish a prima facie case of ineffective assistance of counsel, and that therefore no evidentiary hearing was required. The trial court noted that defendant chose to plead guilty instead of pursuing a <u>Wade</u> hearing, and defendant's guilt, even without the child's identification of him, was "overwhelming."

In his appeal to this court of the PCR ruling, defendant raises the following issues:

> POINT I
>
> DEFENDANT WAS DEPRIVED OF HIS CONSTITUTIONAL RIGHT TO EFFECTIVE COUNSEL WHEN DEFENSE COUNSEL FAILED TO FILE A MOTION TO SUPPRESS THE 10-YEAR-OLD WITNESS' IDENTIFICATION UNDER THE REQUIREMENTS OF <u>STATE V. HENDERSON</u>, 208 <u>N.J.</u> 208 (2011).
>
> POINT II
>
> THE PCR COURT ABUSED ITS DISCRETION AND ERRED IN FAILING TO GRANT AN EVIDENTIARY HEARING TO DEFENDANT TO ESTABLISH HE WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL CONSTITUTIONALLY GUARANTEED TO HIM AT TRIAL, BY THE U.S. CONST., AMENDS. VI, XIV; N.J. CONST. ART. I, PAR. 10.

We review the trial court's denial of defendant's PCR petition, and his associated claims of counsel's ineffectiveness, under well-established principles. Under the Sixth Amendment of the United States Constitution, a criminal defendant is guaranteed

4 <span style="float:right">A-0384-15T1</span>

the effective assistance of legal counsel in his defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674, 693 (1984). To establish a deprivation of that right, a convicted defendant must satisfy the two-part test enunciated in Strickland by demonstrating that: (1) counsel's performance was deficient, and (2) the deficient performance actually prejudiced the accused's defense. Id. at 687, 104 S. Ct. at 2064, 80 L. Ed. 2d at 693; see also State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-part test in New Jersey).

In this case, the trial court correctly recognized that defendant cannot establish ineffective assistance of counsel under either prong of the Strickland two-part test. Contrary to defendant's assertions, the reliability of the child's identification is analyzed under the traditional Manson/Madison[3] standard, as the new rules adopted by the Supreme Court in Henderson did not take effect until after new model jury charges were promulgated in July 2012. See Henderson, supra, 208 N.J. at 302. Under the then-prevailing Manson/Madison standard, courts

---

[3] See Manson v. Brathwaite, 432 U.S. 98, 114, 97 S. Ct. 2243, 2253, 53 L. Ed. 2d 140, 154 (1977) (reciting a two-part test of impermissive suggestiveness and reliability); see also State v. Madison, 109 N.J. 223, 232-33 (1988) (adopting the federal approach in Manson to guide the courts of this State), displaced by Henderson, supra, 208 N.J. at 288.

look first at whether the procedure was "impermissibly suggestive[,]" and, second, at whether the "objectionable procedure" likely produced an unreliable identification. See State v. Jones, 224 N.J. 70, 86 (2016) (quoting Madison, supra, 109 N.J. at 232).

Defendant has failed to demonstrate how the child's identification, made shortly after the carjacking, was unreliable under the Manson/Madison test, beyond the mere fact that the procedure was conducted as a show-up. See id. at 87 (citing State v. Herrera, 187 N.J. 493, 504 (2006) (noting that show-ups, "standing alone," do not require proceeding to the second step in the analysis in every case).

When a defendant alleges ineffective assistance of counsel based on failure to file a suppression motion, that defendant must also demonstrate that such a motion was not "meritless[.]" State v. O'Neal, 190 N.J. 601, 619 (2007). Here, defendant's trial counsel's performance was not deficient, as a motion to suppress would have undoubtedly failed. Apart from emphasizing the child's age and speculating that the child might have been influenced by the parents, defendant fails to show why the identification procedure was unduly suggestive. Nothing in this record demonstrates such undue suggestiveness or unreliability.

Even if, for the sake of discussion, defendant were able to satisfy prong one of the Strickland test, defendant was not prejudiced by any such error. We agree with the trial court's conclusion that the other evidence of defendant's guilt was formidable, and defendant would have very likely been found guilty by a jury at trial even without the child's identification.

Defendant was apprehended in the stolen car, after a lengthy police chase. The police found incriminating masks and a gun in the vehicle with defendant. The physical evidence and the surrounding circumstances were strongly indicative of his guilt of carjacking the BMW with his co-defendant. Defendant did not sustain the required prejudice by any alleged error in failing to file a motion to suppress, as the identification was not decisive in this case. See Strickland, supra, 466 U.S. at 694, 104 S. Ct. at 2068, 80 L. Ed. 2d at 698.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0384-15T1